IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SHERRIE N. PORTER,

          Plaintiff,

v.                                                                      CIVIL ACTION NO. 3:21-0464

FIRST BANKSHARES, INC.,
PHILLIP VALLANDINGHAM,
P. ANDREW VALLANDINGHAM,
SAMUEL VALLANDINGHAM,
JEANNE P. VALLANDINGHAM,
STEPHANIE V. MAYBERRY,
ROBERT JACKSON DILLEY,
DANIEL T. YON,
RONALD W. WOODELL,
MICHAEL S. LUNSFORD,
as Directors of either or both First Bankshares, Inc. and
The First State Bank of Barboursville,
ANY AND ALL OTHER UNNAMED AND TO BE
DETERMINED DIRECTORS THEREOF,
GUYAN HOLDING COMPANY, and
FIRST BANKSHARES TRUST PREFERRED I,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion to Dismiss by Defendants Phillip Vallandingham, P. Andrew Vallandingham, Samuel Vallendingham, Jeanne P. Vallendingham, Stephanie V. Mayberry, Robert Jackson Dilley, Daniel T. Yon, Ronald W. Woodell, and Michael S. Lunsford (ECF No. 7), a Motion to Dismiss by Defendants First Bankshares, Inc., Guyan Holding Company, and First Bankshares Trust Preferred I (ECF No. 9), and a Motion to Remand by Plaintiff Sherrie N. Porter. ECF No. 11. For the following reasons, the Court **GRANTS, in**

**part,** and **HOLDS IN ABEYANCE, in part**, Defendants' motions and **DENIES** Plaintiff's motion.

Plaintiff originally filed this action in the Circuit Court of Cabell County, West Virginia. Thereafter, Defendants removed the action to this Court based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a), and 1446. Specifically, Defendants assert that Plaintiff's claims are preempted under the Employee Retirement Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*,[1] and must be dismissed. On the other hand, Plaintiff asserts she has made claims independent of ERISA and the case should be remanded for further proceedings in state court.

In determining whether Plaintiff's claims are preempted and subject to dismissal under ERISA, the Court looks to the allegations in the Complaint. As relevant here, Plaintiff alleges that she retired from The First State Bank in 2017 with thirty-seven years of service. *Compl.* ¶8, ECF No. 1-1. During her tenure with the bank, she participated in a KSOP, which was a retirement plan that combined an employee stock ownership plan with a 401(k). *Id.* ¶9. Plaintiff asserts that she "blindly followed [the] direction and advice" of the bank management and directors and invested her retirement in stock of First Bankshares, Inc., the parent company of the other corporate defendants *Id.* ¶¶ 3, 10.

---

[1]Additionally, Defendants point to the fact that the Federal Deposit Insurance Corporation (FDIC) was appointed as the receiver of The First State Bank on April 3, 2020, and it is regularly substituted as a real party in interest, which would make the case removable. There is no indication on the docket sheet that the substitution actually occurred in this case, and Plaintiff voluntarily dismissed Defendants The First State Bank of Barboursville, The First Company, and the West Virginia Development Loan Fund, Inc. on September 10, 2021. As the Court finds removal was otherwise proper under ERISA, the Court will not consider whether Defendants also could remove the action from state court based upon the FDIC's receivership.

Prior to retirement, Plaintiff claims that she "sought on a number of occasions to withdraw or transfer her retirement assets in light of the fact the value of First Bankshare's stock was known to be in significant decline." *Id*. ¶11. Plaintiff asserts her requests were ignored and denied. *Id*. ¶12. Plaintiff claims that as of December 31, 2012, her retirement portfolio had an account balance of $243,055.61, but the value fell to $2,604.61 by January 16, 2018. *Id*. ¶14. Following the bank's failure, Robert Jackson Dilley, the Plan Administrator, notified Plaintiff by letter dated June 10, 2020, that First Bankshare, Inc.'s stock was worthless. *Id*. ¶13.[2]

In reviewing the Complaint, the Court notes that Plaintiff does not set forth clearly defined causes of action in separate paragraphs. Instead, she divides her Complaint into three sections, which are captioned with specific Defendants. In what is entitled Cause of Action (A), Plaintiff alleges "Corporate Liability of First Bankshares, Inc." *Id*. ¶A.[3] Under this heading, Plaintiff claims that First Bankshares, Inc., "acting by and through their respective directors" owed a fiduciary duty to employees, investors, and shareholders to follow the law. *Id*. ¶19. Plaintiff alleges, however, that this duty was breached and the company, through its officers and employees, committed simple and gross negligence and nonfeasance, misfeasance, and malfeasance that proximately caused its stock to depreciate to the detriment of employees and shareholders, including Plaintiff. *Id*. ¶¶20-23.

Under Cause of Action (B), Plaintiff asserts liability against the individually named Defendants who served as directors of First Bankshares, Inc. and The First State Bank. Plaintiff

---

[2]For the calendar years 2018 and 2019, the value of the stock was $0.00. *Id*.

[3]The First State Bank also is named in this section but, as previously mentioned, The First State Bank was voluntarily dismissed.

alleges these individuals also committed "acts of negligence, gross negligence, breach of fiduciary duty, misfeasance, nonfeasance, or malfeasance" that proximately caused the devaluation of the stock to the detriment of Plaintiff and other employees and shareholders. *Id*. at ¶¶28-29.

Finally, under Cause of Action (C), Plaintiff claims "Liability of Corporate Defendants Guyan Holding, LLC [and] First Bankshares Trust Preferred I." *Id*. ¶(C).[4] Plaintiff asserts that these entities are wholly-owned subsidiaries of First Bankshares, Inc. and that First Bankshares, Inc. is their alter ego. There are no specific claims against either Guyan Holding, LLC or First Bankshares Trust Preferred I under this Cause of Action. Rather, Plaintiff asserts that any money judgment she is awarded can be attached to them.[5]

In their motions to dismiss, Defendants argue Plaintiff's claims all arise from her status as a KSOP beneficiary and any rights or remedies she may have is controlled by the KSOP Plan Document. *See First Bankshares, Inc. Employee Stock Ownership Plan (with 401(k) Provisions)*, ECF No. 7-1. Therefore, Defendants insist Plaintiff's claims are preempted and cannot survive. Additionally, Defendants assert that Plaintiff is not a shareholder under the terms of the KSOP. Rather, the KSOP Trustee is the record shareholder, who is empowered to enforce any fiduciary duties owed to the Trust and who is responsible to manage the KSOP's assets in accordance with the terms of the Plan. *Id*., Article VIII Trustee, at 89-99. As a result, Defendants

---

[4]The First Company and the West Virginia Development Loan Fund, Inc. also were named in this paragraph, but they have been dismissed.

[5]Plaintiff also asserts she is entitled to injunctive relief against them "to include the appointment of a special commissioner or receiver to assume control and management of the assets of said corporate defendants, pending the outcome of this civil action[.]" *Id*. at 6, ¶2 of Prayer for Relief.

argues that Plaintiff lacks standing to assert any right the Trustee may have against the named corporations and the individual officers and directors.

In considering these arguments, the Court recognizes ERISA contemplates two types of preemption—conflict preemption and complete preemption. Conflict preemption is found in § 514(a) and is broadly stated to "'supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'" *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 377 (4th Cir. 2001) (quoting 29 U.S.C. §1144(a)). As the phrase "relate to" has proven difficult to demark, courts must examine whether Congress clearly intended for state law to be preempted as part of their conflict preemption analysis. *Greenbrier Hotel Corp. v. UNITE HERE HEALTH*, 719 F. App'x 168, 178 (4th Cir. 2018) (citing *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 655–56 (1995)). Importantly, "conflict preemption under § 514 does not provide a basis for federal jurisdiction. Rather, it provides a defense to a state law claim that may be asserted in state court." *Sonoco Prod. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 371 (4th Cir. 2003).

On the other hand, complete preemption found in § 502(a)[6] applies to actions "brought 'by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under . . . the plan.'" *Port City Neurosurgery & Spine, PC v. Blue Cross & Blue Shield of N. Carolina*, No. 1:19-CV-948, 2020 WL 1904774, at *3 (M.D. N.C. Apr. 17, 2020) (quoting 29 U.S.C. § 1132(a)). In *Prince v. Sears Holdings Corp.*, 848 F.3d 173 (4th Cir. 2017), the Fourth

---

[6] 29 U.S.C. § 1132(a).

Circuit adopted a three-prong test to determine when § 502 completely preempts a state claim. This test provides:

> (1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) its claim must "fall[ ] within the scope of an ERISA provision that [it] can enforce via § 502(a)"; and (3) the claim must not be capable of resolution "without an interpretation of the contract governed by federal law," i.e., an ERISA-governed employee benefit plan.

848 F.3d at 177 (internal quotation marks and citations omitted). Only claims subject to complete preemption are removable to federal court. *Sonoco Prod. Co.*, 338 F.3d at 371 (4th Cir. 2003); *see also Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (stating "the doctrine of complete preemption converts an ordinary state common law complaint into one stating a federal claim" (internal quotation marks and citation omitted)). Defendants argue this action falls within the complete enforcement provision. Upon review, the Court agrees only as to Plaintiff's claim that she was prevented from withdrawing or transferring her retirement assets.

Applying the above criteria to this claim, it is clear that under the first prong Plaintiff has standing under § 502 to pursue a claim under ERISA as a beneficiary. As to the second prong, the KSOP Summary Plan Description expressly covers the diversification of an account and provides:

> ***May I Diversify My Account?***
>
> Ordinarily, the KSOP Trustees will use Company contributions to purchase Company Stock. However, once you have attained age 55 and have completed ten years of Credited Service under the Plan, you may elect to diversity a certain percentage of your account balances that are invested in Company Stock. See your Plan representative for further details.

*Summ. Plan Description*, at 15, ECF No. 7-2; *see also First Bankshares, Inc. Employee Stock Ownership Plan (with 401(k) Provisions)*, Art. IV Contribution and Allocation, "Directed Investment Account" § 4.13(e)(1), at 64, ECF No. 7-1 (defining a "Qualified Participant" as "any Employee who has completed ten (10) whole year Periods of Service as a Participant and has attained age 55"); *id.* at § 4.13(a)-(f) at 62-64 (describing the procedures for "Qualified Participants" to direct their individual accounts). Likewise, the KSOP establishes when withdrawals may be made prior to termination. *See Summ. Plan Description*, at 16-17 (authorizing withdrawals for financial hardship, as defined by the Plan, and for loans).[7] Thus, Plaintiff's allegation that Defendants failed to withdraw or transfer her retirement assets as she requested falls squarely within what rights she had under the terms of the Plan. Finally, under the third prong, the Court finds that a determination of whether Defendants wrongly denied Plaintiff's requests to withdraw or transfer assets inevitably requires an analysis of her rights to do so under the Plan. Therefore, having met all three prongs, the Court easily finds that this allegation falls within the ambit of complete preemption, making the action removable.

Determining this claim is preempted and the action is removable, however, does not resolve whether or not the claim should be dismissed or if Plaintiff can proceed under ERISA. Defendants argue the claim should be dismissed because Plaintiff was ineligible to diversify her account when she made her requests and she does not allege she qualified for a pretermination disbursement. As stated above, Plaintiff had to be at least 55 years old to be eligible to diversify her account. Although the Complaint does not provide a specific date when Plaintiff made her requests, she asserts it was "[d]uring the latter few years of [her] employment with [the bank.]"

---

[7]Plaintiff does not allege that she suffered a hardship or intended to withdraw funds in the form of a loan.

*Compl.* ¶11. Defendants assert, however, Plaintiff only was 53 years old when she retired. Thus, any requests she made to diversify her account prior to her retirement were properly denied because she did not meet the Plan's age requirement.

In her Responses, Plaintiff does not address this argument. Nevertheless, as Plaintiff's age is a matter outside the pleadings, this Court cannot consider the issue on a motion to dismiss based solely on Defendants' representation without converting the motion to one for summary judgment and giving Plaintiff advance notice. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 873 (4th Cir. 2020) (stating "[a] proper Rule 12(d) conversion first requires that all parties be given some indication by the court . . . that it is treating the 12(b)(6) motion as a motion for summary judgment" (internal quotation marks and citation omitted)).[8] Therefore, as the Court cannot decide the issue in its current posture, the Court **HOLDS** Defendants' motion to dismiss this claim **IN ABEYANCE** and **DIRECTS** the parties to further brief the issue. The Court **DIRECTS** Plaintiff to file a Sur-Response **on or before April 27, 2022**. The Sur-Response must include Plaintiff's birthday and how old she was when she

---

[8]The Court's consideration of the Plan documents, however, does not convert the motion into one for summary judgment as Plaintiff does not dispute their authenticity and they are integral to her claim. *See Clark v. BASF Corp.*, 142 F. App'x 659, 660–61 (4th Cir. 2005) (finding "the district court properly considered the Plan document on the motion to dismiss" as "there was no dispute as to its authenticity, the document was referenced in the complaint, and the document was central to [the plaintiff's] claims").

retired.[9] Additionally, if Plaintiff believes that her requests to diversify her funds were wrongly ignored or denied either because she was 55 years old or older when she made her requests, or for any other reason under the terms of the Plan, she must make those arguments in her Sur-Response. Finally, Plaintiff also must identify which Defendant(s) this claim is asserted against.[10] Defendants shall have until **on or before May 4, 2022**, to file a Sur-Reply.

The Court next turns to Plaintiff's allegations that Defendants breached their fiduciary duties and acted with negligence, nonfeasance, misfeasance, and malfeasance in their capacities as corporate executives which depleted the value of the stock held by the Plan in its portfolio. Plaintiff argues that these allegations do not arise under ERISA, and she denies she is attempting to bring a stockholder derivative suit. Therefore, she insists preemption does not apply.

Under the terms of the Plan, the KSOP's assets are held in a Trust, and the Trustee is responsible to hold and invest the assets. With respect to any stocks held by the Trust, the Trustee is considered the record shareholder. Participants and beneficiaries, such as Plaintiff, are not direct stockholders. Moreover, the Plan very carefully controls how any assets are invested and how the KSOP is administered. *See also First Bankshares, Inc. Employee Stock Ownership Plan (with 401(k) Provisions)*, Art. VIII Trustee, at 89-99 (setting forth the responsibilities of the Trustee, including investments), ECF No. 7-1; *id*., Art. V Funding and Investment Policy, at 66-68

---

[9]Often times, the Court simply will deny the motion in favor of discovery. However, in this instance, discovery is unnecessary for Plaintiff to identify how old she was when she retired.

[10]In her Complaint, Plaintiff does not specifically identify Defendants' roles and positions with respect to the ERISA Plan.

(establishing, inter alia, how the funds are invested); *Summ. Plan Description*, at 19 (explaining that the KSOP's stock are held in Trust and the Trustees are responsible for investments).

Under this scheme, Defendants insist that Plaintiff does not have standing to bring an individual shareholder claim of mismanagement against Defendants. Instead, if Defendants breached their fiduciary duties and responsibilities to the Trust, it is the Trustee, as the record shareholder, who may bring an action. In other words, as a beneficiary and non-stockholder, Plaintiff cannot leapfrog over the Trustee and directly sue Defendants to recover her personal losses caused by the devaluation of stock held by the Trust that affected all the beneficiaries. Upon review, the Court agrees that Plaintiff's claim is preempted and cannot proceed under ERISA.

As aptly explained by the Eighth Circuit Court of Appeals in *Eckelkamp v. Beste*, 315 F.3d 863 (8th Cir. 2002):

> The structure of the ERISA plan would be altered if beneficiaries were to sue on [the ESOP's] behalf because federal law grants the plan trustees "exclusive authority and discretion to manage and control the assets of the plan." *See* 29 U.S.C. § 1103. To permit ESOP beneficiaries to assert rights granted to the trustees would also alter the administration of the plan. Since the requested relief would involve payments to the ESOP, it would have an economic impact on the plan. Preemption in these circumstances could be consistent with other ERISA provisions, especially 29 U.S.C. § 1103, which grants the trustee exclusive authority to control plan assets. Although permission to bring a breach of fiduciary duty claim against corporate officers is an exercise of traditional state power, permission for ERISA beneficiaries to assert such a claim is not. All these factors favor preemption, and several of them weigh heavily in that direction.

315 F.3d at 870. Therefore, the Eighth Circuit held that ERISA preempted the Employee Stock Ownership Plan (ESOP) beneficiaries' breach of fiduciary duty claim under state law against

company executives where the company's stock was owned by an ESOP. *Id*.;[11] *see also In re U.S. Sugar Corp. Litigation*, 669 F. Supp.2d 1301, 1325 (S.D. Fla. 2009) (observing that a KSOP beneficiary obviously has an interest as a participant in the value of the KSOP's stock, but it "is not an interest as a direct shareholder").

In support of her position that she can bring such an action, Plaintiff cites *Halperin v. Richards*, 7 F.4th 534 (7th Cir. 2021), for the proposition that ERISA does not always prevent parallel state-law claims against corporate directors and officers who serve as fiduciaries for both the corporation and an ERISA plan. However, the Court finds that *Halperin* is inapposite to the facts of this case. In *Halperin*, the plaintiffs were bankruptcy creditors who alleged the company overinflated the value of stock to conceal a decline and to benefit insiders. *Id*. at 539. Although the stock was wholly-owned by employees under an ESOP governed by ERISA, the creditor-plaintiffs had no rights under "ERISA as a 'participant, beneficiary, or fiduciary.'" *Id*. at 545 (quoting 29 U.S.C. § 1132(a)(3)). Therefore, the *Halperin* court found the creditor-plaintiffs were not attempting to make an end-run around ERISA remedies as they were non-ERISA plaintiffs. *Id*.

Although Plaintiff characterizes her claims in this case as a parallel action falling outside of ERISA coverage, the gravamen of the mismanagement claims is that she has suffered an injury as a Plan beneficiary because the stock held by the Trust and administered by the Trustee under the terms of the Plan lost value. Thus, these claims undoubtedly arise solely as a result of her status as an individual beneficiary. As explained in *Eckelkamp*, allowing Plaintiff to proceed with

---

[11]Unlike this case, the plaintiffs in *Eckelkamp* also argued they could bring the action as a "double-derivative" action as members of the ESOP. *Id*. at 869. As previously stated, Plaintiff here expressly denies attempting to bring a derivate action.

an individual action would be inconsistent with the provisions of ERISA as enacted by Congress that vest discretion and authority over assets with trustees. Moreover, all the beneficiaries, not just Plaintiff, suffered damage due to the devaluation of the stock held in the Trust. Consequently, the Court finds Plaintiff's state law claims related to corporate mismanagement are subject to conflict preemption and must be dismissed as she cannot bring such claims to recover any personal damages she experienced as an individual beneficiary and non-stockholder. Therefore, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims that Defendants breached their fiduciary duties and acted with negligence, nonfeasance, misfeasance, and malfeasance.

Accordingly, for the foregoing reasons, the Court **FINDS** Plaintiff's claims are preempted under ERISA, **DENIES** her Motion to Remand, **DISMISSES** her claims related to corporate mismanagement, and **HOLDS IN ABEYANCE** Plaintiff's claim that Defendants failed to withdraw or transfer her retirement assets as she requested. As to the remaining claim, the Court **DIRECTS** Plaintiff to file a Sur-Response **on or before April 27, 2022**, identifying her birthday, age at retirement, any arguments in support of her position that her requests to diversify her funds were wrongly ignored or denied, and specifying which Defendant(s) this claim is asserted against. Defendants shall have until **on or before May 4, 2022**, to file a Sur-Reply. The Court withholds dismissing any of the named Defendants until the briefing on Plaintiff's remaining claim is complete.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 20, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE